UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

AMCOR FLEXIBLES NORTH AMERICA, INC.,

    Plaintiff,

    v.                                                   Case No. 23-C-1306

REYNOLDS PACKAGING, LLC,

    Defendant/Third-Party Plaintiff,

  and

REYNOLDS PRESTO PRODUCTS, INC.,

    Third-Party Defendant,

  and

WEST BEND MUTUAL INSURANCE COMPANY,

    Intervenor.

---

## PROTECTIVE ORDER

---

      Based on the Stipulation of the parties and the factual representations set forth therein, the Court finds that exchange of sensitive information between or among the parties and/or third parties other than in accordance with this Order may cause unnecessary damage and injury to the parties or to others. The Court further finds that the terms of this Order are fair and just and that good cause has been shown for entry of a protective order governing the confidentiality of documents produced in discovery, answers to interrogatories, answers to requests for admission, and deposition testimony.

**IT IS THEREFORE ORDERED** that, pursuant to Fed. R. Civ. P. 26(c) and Civil L. R. 26(e):

**(A) DESIGNATION OF CONFIDENTIAL INFORMATION.** Designation of information under this Order must be made by placing or affixing on the document or material, in a manner that will not interfere with its legibility, the word "CONFIDENTIAL."

(1) One who produces information, documents, or other materials may designate them as "CONFIDENTIAL" when the person in good faith believes they contain trade secrets or nonpublic confidential technical, commercial, financial, personal, or business information.

(2) Except for information, documents, or other materials produced for inspection at the party's facilities, the designation of information as CONFIDENTIAL must be made prior to, or contemporaneously with, their production or disclosure. In the event that information, documents or other materials are produced for inspection at the party's facilities, such information, documents, or other materials may be produced for inspection before being marked confidential. Once specific information, documents, or other materials have been designated for copying, any information, documents, or other materials containing confidential information will then be marked confidential after copying but before delivery to the party who inspected and designated them. There will be no waiver of confidentiality by the inspection of confidential information, documents, or other materials before they are copied and marked confidential pursuant to this procedure.

(3) Portions of depositions of a party's present and former officers, directors, employees, agents, experts, and representatives will be deemed confidential only if designated as such when the deposition is taken or within 30 days of receipt of the deposition transcript.

(4) If a party inadvertently produces information, documents, or other material containing confidential information without marking or labeling it as such, the information, documents, or other material shall not lose its protected status through such production and the parties shall take all steps reasonably required to assure its continued confidentiality if the producing party provides written notice to the receiving party within 30 days of the discovery of the inadvertent production. The return of any inadvertently-produced confidential or privileged material shall be governed by Section (D) below.

**(B) DISCLOSURE AND USE OF CONFIDENTIAL INFORMATION.** Information, documents, or other material designated as CONFIDENTIAL under this Order must not be used or disclosed by the parties or counsel for the parties or any persons identified in subparagraph (B)(1) below for any purposes whatsoever other than preparing for and conducting the litigation in which the information, documents, or other material were disclosed (including appeals).

(1) CONFIDENTIAL INFORMATION. The parties and counsel for the parties must not disclose or permit the disclosure of any information, documents or other material designated as "CONFIDENTIAL" by any other party or third party under this Order, except that disclosures may be made in the following circumstances:

(a) Disclosure may be made to employees of counsel for the parties who have direct functional responsibility for the preparation and trial of the lawsuit. Any such employee to whom counsel for the parties makes a disclosure must be advised of, and become subject to, the provisions of this Order requiring that the information, documents, or other material be held in confidence.

(b) Disclosure may be made only to employees of a party required in good faith to provide assistance in the conduct of the litigation in which the information was disclosed who are identified as such in writing to counsel for the other parties in advance of the disclosure of the confidential information, documents or other material.

(c) Disclosure may be made to court reporters engaged for depositions and those persons, if any, specifically engaged for the limited purpose of making copies of documents or other material. Before disclosure to any such court reporter or person engaged in making copies, such reporter or person must agree to be bound by the terms of this Order.

(d) Disclosure may be made to consultants, investigators, or experts (collectively "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of the lawsuit. Before disclosure to any expert, the expert must be informed of and agree to be subject to the provisions of this Order requiring that the information, documents, or other material be held in confidence.

(e) Disclosure may be made to deposition and trial witnesses in connection with their testimony in the lawsuit, including before their testimony if counsel reasonably believes that the CONFIDENTIAL information will be within the subject matter of their testimony, and to the Court and the Court's staff.

(f) Disclosure may be made to persons already in lawful and legitimate possession of such CONFIDENTIAL information.

**(C) MAINTENANCE OF CONFIDENTIALITY.** Except as provided in Section (B), counsel for the parties must keep all information, documents, or other material designated as confidential that are received under this Order secure within their exclusive possession and must place such information, documents, or other material in a secure area.

(1) All copies, duplicates, extracts, summaries, or descriptions (hereinafter referred to collectively as "copies") of information, documents, or other material designated as confidential under this Order, or any portion thereof, must be immediately affixed with the word "CONFIDENTIAL" if not already containing that designation.

(2) To the extent that any answers to interrogatories, transcripts of depositions, responses to requests for admissions, or any other papers filed or to be filed with the Court reveal or tend to reveal information claimed to be confidential, these papers or any portion thereof must be filed under seal by the filing party with the Clerk of Court utilizing the procedures set forth in General L.R. 79(d). If a Court filing contains information,

documents, or other materials that were designated "CONFIDENTIAL" by a third party, the party making the filing shall provide notice of the filing to the third party.

**(D) DISCLOSURE OF CONFIDENTIAL INFORMATION COVERED BY ATTORNEY-CLIENT PRIVILEGE OR WORK PRODUCT.** If a producing party or non-party inadvertently produces information or documents or inadvertently provides access to information or documents, including but not limited to a database or the contents thereof, that it considers to be privileged, confidential, or otherwise protected from disclosure in this litigation, it may retrieve such material or parts thereof as follows:

(1) All information or documents that a producing party or non-party believes in good faith are protected from disclosure in this action by the attorney-client, attorney work-product, or any other applicable privilege, in whole or in part, shall be referred to collectively as "Privileged Material."

(2) Upon discovery of an inadvertent production of or inadvertent access to Privileged Material, the producing party or non-party must notify the receiving party of the inadvertent disclosure in writing within 30 days of the inadvertent disclosure.

(3) Upon receipt of the producing party's notification of inadvertent disclosure, regardless of whether the receiving party agrees with the claim of Privileged Material, within 10 days the receiving party must:

6

(a) return the Privileged Material to the producing party; or

(b) destroy all copies of such Privileged Material in their possession and provide written notice of the destruction.

(4) The return or destruction of Privileged Material, as described in the preceding section, shall not impact the non-disclosing parties' right to challenge the privilege designation.

(5) Inadvertent production of or inadvertent access to Privileged Material, the return of which is requested in accordance with this section, shall not be considered a waiver of any claim, privilege, protection and/or confidentiality.

**(E) CHALLENGES TO CONFIDENTIALITY DESIGNATION.** A party may challenge the designation of confidentiality by motion. The movant must accompany such a motion with the statement required by Civil L. R. 37. The designating party bears the burden of proving that the information, documents, or other material at issue are properly designated as confidential. The Court may award the party prevailing on any such motion actual attorney fees and costs attributable to the motion.

**(F) CONCLUSION OF LITIGATION.** At the conclusion of the litigation, all information, documents, or other material not filed with the Court or received into evidence and designated as CONFIDENTIAL under this Order must be returned to the originating party or, if the parties so stipulate, destroyed, unless otherwise provided by law. Notwithstanding the

7

requirements of this paragraph, a party may retain a complete set of all documents filed with the Court, subject to all other restrictions of this Order.

Dated at Green Bay, Wisconsin this 22nd day of July, 2024.

s/ William C. Griesbach<br>
William C. Griesbach<br>
United States District Judge