**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

**AMCOR FLEXIBLES NORTH AMERICA, INC.,**

**Plaintiff,**

**v.** **Case No. 23-C-1306**

**REYNOLDS PACKAGING, LLC,**

**Defendant,**

**v.**

**WEST BEND MUTUAL INSURANCE COMPANY,**

**Intervenor.**

---

## DECISION AND ORDER DENYING MOTIONS TO REOPEN DISCOVERY

---

Plaintiff Amcor Flexibles North America, Inc. brought this action against Defendant Reynolds Packaging, LLC, asserting claims for breach of warranty arising out of Amcor's purchase from Reynolds of allegedly defective zippered, food-storage pouches. West Bend Mutual Insurance Company, Reynolds' insurer, intervened seeking declaratory relief on its duty to defend and/or indemnify Reynolds. Discovery in this case closed on September 29, 2025. A final pretrial conference is scheduled for October 2, 2026, and a jury trial is scheduled for October 19, 2026.

On July 2, 2026, Reynolds and West Bend filed motions to reopen discovery. Reynolds seeks to engage in the following discovery: (1) issue one set of written discovery regarding settlement, negotiations, and payment involving any of the claims asserted by Trü-Frü against Amcor; (2) conduct a deposition of an Amcor representative relating to the negotiations and

settlement of any claims asserted by Trü-Frü against Amcor, and any payments made in accordance with the settlement; and (3) conduct a deposition of a Trü-Frü representative on the same topics. Dkt. No. 111-1 at 2. West Bend asserts that it should be allowed to obtain discovery from an Amcor representative who can testify in detail to Amcor's records, quantifying the number of pouches with fruit contents actually discovered to have "angel hair" in them and the dollar value of those pouches. Dkt. No. 112-1 at 1. Amcor filed a response to both motions on July 23, 2026. Reynolds and West Bend did not file a reply brief in support of their respective motions and the time to do so has passed. For the following reasons, the motions to reopen discovery will be denied.

Under Federal Rule of Civil Procedure 16, a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The good cause requirement to modify a schedule is "a standard that primarily considers the diligence of the party seeking amendment." *Empress Casino Joliet Corp. v. Balmoral Racing Club, Inc.*, 831 F.3d 815, 832 (7th Cir. 2016) (internal quotation marks and citation omitted). A party seeking the extension of a deadline that has already passed must also establish "excusable neglect." *Flint v. City of Belvidere*, 791 F.3d 764, 768 (7th Cir. 2015). "The reasons for the delay—including whether it was within the reasonable control of the movant—must be considered." *Id.* (citation omitted). The decision whether to grant a motion to reopen discovery rests within the district court's discretion. *Id.*

Neither Reynolds nor West Bend has satisfied the "good cause" or "excusable neglect" requirements to reopen discovery. Reynolds asserts that discovery should be reopened because the Court's rulings on the parties' motions for summary judgment made discovery concerning Amcor's settlement with Trü-Frü newly relevant. But this is not a case where the Court's decision on the parties' motion for summary judgment meaningfully "changed the parties' expectations for

issues to be addressed at trial." *Cousins Submarines, Inc. v. Fed. Ins. Co.*, No. 12-CV-387-JPS, 2013 WL 12485223, at *1 (E.D. Wis. Feb. 26, 2013). Amcor has argued from the outset of the case that Reynolds was contractually obligated to indemnify Amcor for Trü-Frü's claim arising from Reynolds' contaminated pouches. Reynolds obtained a copy of the settlement agreement between Amcor and Trü-Frü while discovery was open. If Reynolds believed it was entitled to additional discovery regarding Amcor's settlement with Trü-Frü or that Amcor's discovery responses were deficient, it should have pursued the discovery or moved to compel discovery responses before the discovery period closed. *See Flint*, 791 F.3d 768 ("Neglect is generally not excusable when a party should have acted before the deadline or when a party's lack of diligence is to blame for its failure to secure discoverable information." (citation omitted)).

West Bend argues that it should be allowed to depose an Amcor representative to provide more specific and detailed explanations of the number of contaminated pouches and the amount of costs associated with contaminated pouches, confirm whether and why any rebates have been paid, and obtain information regarding Amcor's own costs to investigate the contaminated pouches, among other specific damages. *See* Dkt. No. 112-1 at 5. It contends that this discovery became necessary only after the Court held that Amcor's claim against Reynolds could involve covered "property damage" resulting from fruit product contaminated with angel hair. But West Bend made "property damage" an issue in the case when it intervened in February 2024. During the discovery period, West Bend noticed Amcor's Rule 30(b)(6) deposition, selected the damages topics, examined Amcor's witnesses, and obtained the settlement agreement between Amcor and Trü-Frü. West Bend does not explain why it could not have pursued the additional damages discovery it now believes is relevant during the discovery period. And while West Bend now argues that Amcor's Rule 30(b)(6) witness' testimony regarding damages was insufficient and

vague, it offers no explanation for its failure to seek supplementation or file a motion to compel before discovery closed. *See Flint*, 791 F.3d 768.

In sum, Reynolds and West Bend have failed to demonstrate the good cause or excusable neglect necessary to warrant reopening discovery. Accordingly, Reynolds' motion to reopen discovery (Dkt. No. 111) and West Bend's motion to reopen discovery (Dkt. No. 112) are **DENIED**.

**SO ORDERED** at Green Bay, Wisconsin this 12th day of August, 2026.

William C. Griesbach
United States District Judge